STATE OF NEBRASKA EX REL. JOHN PAUL MENARD, APPELLEE,
v. ROBERT E. NICHOLS, SUPERINTENDENT OF THE NEBRASKA
STATE REFORMATORY, APPELLANT. (HAROLD D. SMITH,
SUPERINTENDENT OF THE NEBRASKA STATE REFORMATORY,
SUBSTITUTED AS APPELLANT.)

91 N. W. 2d 308

Filed July 18, 1958. No. 34441.

*Clarence S. Beck*, Attorney General, and *Gerald S. Vitamvas*, for appellant.

*Wagener, Marx & Galter*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ., and NEWKIRK, District Judge.

CARTER, J.

This is a habeas corpus proceeding brought by the relator, an inmate of the Nebraska State Reformatory, against the respondent, the superintendent of the reformatory, claiming that he was illegally held in and was

entitled to an immediate release from such institution. A return to the writ was filed by the respondent which put in issue the allegations contained in the writ. The trial court found for the relator and directed his immediate release. The respondent has appealed.

The evidence shows that relator was sentenced by the district court for Lancaster County to serve a term of 3 years in the Nebraska State Reformatory for robbery. He entered the reformatory on April 3, 1956, and in the absence of any allowance for good time would be subject to release on April 2, 1959. Under section 29-2632, R. R. S. 1943, relator was entitled to an allowance of 7 months good-time credit at the time he entered the reformatory. The diminution of his 3-year sentence by this 7 months could be taken from him only for disciplinary reasons. Relator gave no cause for the deprivation of this good time authorized by the statute, and the parties are in agreement that it was properly deducted from his sentence.

The issue raised by the proceeding is the proper computation of credits for good time authorized by sections 83-440 and 83-450, R. R. S. 1943. A construction of these two statutes is necessary.

"The Board of Control may grant to prisoners, who occupy a position classified by the Board of Control as being entitled to that privilege, a diminution of time from their sentences, in addition to that provided for in section 29-2632, according to general rules to be prescribed by the board. The grants shall be conditioned on good behavior, a cheerful compliance with rules, diligence in work, and fidelity to trust. A diminution of time granted under this section shall not exceed the rate of two months for each year." § 83-450, R. R. S. 1943. This statute was enacted in 1915 and was the first statute authorizing good-time credit in addition to the statutory good time granted by section 29-2632, R. R. S. 1943. It being the only earned-good-time statute in existence at the time of its enactment, the limitation

on the diminution of time contained therein applied only to that section at that time.

In 1921 the Legislature enacted section 83-440, R. R. S. 1943, which provides: "The amount of good time allowed to prisoners in road camps or other places outside of the state penitentiary or reformatory while engaged in public work, shall be equal to the time the prisoners shall have served in the road camps or other places. The usual parole privilege of prisoners serving in road camps or other places shall not be affected by such service." This section of the statute does not appear to have been amended, although unimportant changes in language resulted from the 1943 revision. Previous statutes had provided for the working of inmates, but it is the first statute authorizing and fixing the rate of allowance of good time for work performed in road camps and other places outside the prison enclosure.

The history of section 83-450, R. R. S. 1943, appears important in determining if it should be construed in pari materia with section 83-440, R. R. S. 1943, as contended by the respondent. The original act of 1915 provided:

"The Board of Commissioners of State Institutions is hereby authorized to grant to prisoners employed outside of the prison enclosure and to prisoners making satisfactory progress in the prison school, a diminution of time from their sentences, in addition to that provided for in Section 657 of the Criminal Code of Nebraska (now § 29-2632, R. R. S. 1943), such grants to be conditioned on good behavior, a cheerful compliance with rules, diligence in work and fidelity to trust; but such additional diminution shall not exceed the rate of one month for each year of the sentence." Laws 1915, c. 240, § 1, p. 558.

In 1937 the act was amended as to the amount of diminution of sentence to be allowed as follows: "* * *; but such additional diminiution shall not exceed the

rate of one month for each year of the sentence for satisfactory progress and attendance in the prison school and an additional diminution not to exceed the rate of two months for each year to prisoners employed outside the prison enclosure." Laws 1937, c. 206, § 1, p. 831.

In 1949 the statute was amended to read in its present form and as we have hereinbefore quoted it. Laws 1949, c. 303, § 1, p. 1016. In proposing the amendment of the statute in 1949 the legislative committee recommending its passage included the following in the committee statement on the bill: "The purpose of the bill is to give prisoners who are engaged inside the penitentiary the same opportunity to gain a diminution of time from their sentences by good behavior, a cheerful compliance with rules, diligence in work and fidelity to trust as is now granted to prisoners employed outside the prison enclosure."

We think the two sections of the statute dealing with earned good time must be construed in pari materia. The Legislature has so treated them. Section 83-450, R. R. S. 1943, the first of the two enacted by the Legislature, provides for a diminution of time for those in classified positions in addition to the statutory good time provided for in section 29-2632, R. R. S. 1943, and fixes the maximum at 2 months for each year. The 1949 amendment to section 83-450, R. R. S. 1943, eliminated the allowance of 1 month's good time for satisfactory progress and attendance in the prison school, leaving such credit for good time within the scope of rules to be promulgated by the Board of Control and within the 2 months' limitation retained in the act. The legislative committee statement accompanying the 1949 amendatory act clearly shows an intent to give credit for work in the penitentiary the same status as that performed outside the prison enclosure. The two sections of the statute appear in the same chapter and it clearly shows that the Legislature considered them together throughout their legislative history. The result

is that work inside and outside the prison enclosure is treated the same and both are subject to the limitation of 2 months' credit per year contained in section 83-450, R. R. S. 1943.

An inmate may therefore earn 2 months' extra credit for each year that he has served. It may be earned at any time throughout the year on a day for day basis, but his credit cannot exceed 2 months in any year. Some contention is made that an inmate is entitled to this credit of 2 months on each year of his sentence. Prior to 1949 there would have been merit to this contention. In 1949, however, the Legislature deleted from the statute the words "shall not exceed the rate of one month for each year of the sentence" and left remaining the words not to "exceed the rate of two months for each year." The elimination of the words "of the sentence" indicates that a change of meaning was intended. It is clear that the Legislature intended that good-time credit, other than that provided in section 29-2632, R. R. S. 1943, should not exceed 2 months for each year served. We so construe the applicable statutes.

Our statutes deal with two types of credits to be applied to inmates of our penal institutions. The first deals with statutory good time under which the inmate enters upon his confinement with the statutory assurance that his term is automatically reduced by law, unless by his own breach of prison discipline he forfeits this statutory credit. This credit is provided for in section 29-2632, R. R. S. 1943. The second type of credits are those which inmates may earn as a reward for good conduct. Such credits are provided for in sections 83-440 and 83-450, R. R. S. 1943. These statutes do not provide for automatic credits, but require that the reward be earned before credit is given. These two statutes deal with extra-earned good time. They are in pari materia and must be construed and considered together. The general rule is: All statutes relating to

the same subject should be construed and considered together for the purpose of giving effect to the legislative intention. State Farm Mutual Auto Ins. Co. v. Drawbaugh, 159 Neb. 149, 65 N. W. 2d 542. All statutes in pari materia must be considered together and construed as if they were one law and effect given to each provision. In re Application of Hergott, 145 Neb. 100, 15 N. W. 2d 418. The sections in question relate to the same subject and have a common purpose. They are parts of the same plan for the allowance of extra-earned credits for good conduct and are in pari materia, although enacted at different times. It was clearly the intent of the Legislature to fix the rate of credit to be allowed for work performed outside the prison enclosure, and to equalize that performed within the prison enclosure with that performed outside, the limitation of the amount of credit to be allowed being applicable to both.

The respondent contends that the extra-earned good time allowed by the Board of Control is excessive. The relator urges that the certificate of the Board of Control may not be questioned. We think it can. Where a certificate of good time shows on its face that extra-earned good time was erroneously computed, it is illegal and void. The error contained in it is subject to correction and the prisoner may not be properly released on the basis of a certificate that shows on its face that it is not in accord with applicable statutes on the subject. We adopt the reasoning contained in Fredericks v. Gladden, 211 Or. 312, 315 P. 2d 1010, on this question.

The relator was sentenced to serve 3 years in the reformatory. He was received at the reformatory on April 3, 1956. It is admitted that relator had worked 95 days outside the prison enclosure. It is conceded also that relator earned 5 days per month for classified work within the prison enclosure and for attendance and satisfactory work in the prison school, in accordance

with properly established prison rules. Relator was certified for release as of March 2, 1958. He was released by order of the trial court on March 25, 1958.

The relator is entitled to a diminution of his sentence in the amount of 7 months as of April 3, 1956, leaving 29 months to be served, as provided by section 29-2632, R. R. S. 1943. Relator is entitled to a credit for extra-earned good time on the maximum rate of 2 months per year on the time he has actually served. On March 25, 1958, relator had served 1 year, 11 months, and 23 days. He had therefore earned the maximum of 118 days extra good time under sections 83-440 and 83-450, R. R. S. 1943; 3 days good time earned being credited for the 23 days. On March 25, 1958, relator was entitled to 7 months diminution of sentence under section 29-2632, R. R. S. 1943, and 118 days or 3 months and 28 days under sections 83-440 and 83-450, R. R. S. 1943. Relator's proper release date on March 25, 1958, in the absence of subsequently extra-earned good time was May 4, 1958.

Since relator was not entitled to be released on March 25, 1958, as ordered by the trial court, the trial court was in error in granting the writ of habeas corpus. The judgment of the trial court is reversed and the cause remanded with instructions to dismiss relator's petition for a writ of habeas corpus.

REVERSED AND REMANDED WITH DIRECTIONS.