CITY OF GRAND ISLAND, A MUNICIPAL CORPORATION, APPELLEE, v. RUDOLPH L. EHLERS ET AL., APPELLEES, IMPLEADED WITH ISLAND SUPPLY COMPANY, A CORPORATION, ET AL., APPELLANTS.

142 N. W. 2d 770

Filed May 27, 1966. No. 36110.

332

Wagoner & Grimminger, Walter P. Lauritsen, Chesley S. Baker, and Kenneth H. Elson, for appellants.

Franklin L. Pierce and Duane A. Burns, for appellee City of Grand Island.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and DITTRICK, District Judge.

McCOWN, J.

This is a suit by the plaintiff, City of Grand Island, a city of the first class, against the members of the county board of Hall County and numerous owners of real estate in three separate tracts designated as "industrial areas" by the county board, for a declaratory judgment declaring and determining the rights, status, and duties of the plaintiff and the county board under the Suburban Development Act and the Industrial Areas Act, respectively sections 16-901 to 16-904, R. R. S. 1943, and sections 19-2501 to 19-2508, R. R. S. 1943.

The principal issue is whether the county board had the power or authority to designate industrial areas within 1 mile beyond and adjacent to the corporate boundaries of the City of Grand Island.

On March 16, 1957, the Suburban Development Act for cities of the first class became law. It authorized a first-class city to extend its zoning regulations to the

area 1 mile beyond and adjacent to its corporate boundaries.

On April 2, 1957, the Industrical Areas Act became effective. The act provided a procedure under which county boards were authorized to designate industrial areas outside the boundaries of any incorporated city or village, except cities of the metropolitan class.

On May 20, 1958, the county board designated area No. 3 as an industrial area. On July 17, 1958, area No. 1 was so designated. On July 29, 1961, the City of Grand Island enacted an ordinance designating all land within 1 mile beyond and adjacent to its corporate boundaries as residence "A" districts. On June 20, 1963, the county board entered an order designating area No. 2 as an industrial area. On July 17, 1963, this action was commenced by the city.

It is undisputed that each of the three areas here involved was outside the boundaries of the City of Grand Island, but within the 1-mile limit. It is also clear that each of the three areas was designated as an industrial area in compliance with the procedures provided by sections 19-2501 to 19-2508, R. R. S. 1943.

The plaintiff City of Grand Island asked for a judgment declaring and determining that the county board had no right, power, or authority to zone as an industrial area any land in the area 1 mile beyond and adjacent to the corporate boundaries of Grand Island, and that the orders of the county board as to the three industrial area tracts here involved were void.

Following trial in the district court, judgment was entered finding that the county board was without authority to establish industrial areas within 1 mile beyond and adjacent to the corporate boundaries of Grand Island, and that the purported establishment of these industrial areas was void. This appeal on behalf of certain of the property owners followed.

Since 1927, cities of the first class in Nebraska have had authority to regulate and restrict the use of land

located *within* the boundaries of the municipality under the provisions of what are now sections 19-901 to 19-914, R. R. S. 1943. Since 1937, cities and villages of all classes have had authority to carry out municipal planning and create a planning commission "to make and adopt plans for the physical development of the municipality, including any areas outside its boundaries which, in the commission's judgment, bear relation to the planning of such municipality" under the provisions of what are now sections 18-1301 to 18-1307, R. R. S. 1943.

County boards have been empowered to adopt a zoning resolution and to zone territory within their jurisdiction under section 23-114, R. R. S. 1943, and to regulate and restrict land use under sections 23-161 to 23-174, R. R. S. 1943, which provisions have been in effect since 1941.

Effective April 12, 1957, section 23-114, R. R. S. 1943 (the statute granting county boards the authority to adopt zoning resolutions), was amended to provide that "the powers created by this section shall not be exercised within the limits of any incorporated village nor within the area over which zoning jurisdiction has been granted to any city." In 1961, section 23-161, R. R. S. 1943 (the statute granting jurisdiction to county boards for regulation and restriction of land use), was amended to provide that the powers granted by that section shall not be exercised within the limits of any incorporated city or village and shall not apply "within the area over which zoning jurisdiction has been granted to any city or village."

On March 16, 1957, the Suburban Development Act was enacted which, for the first time, granted to cities of the first class the authority "to extend and apply by ordinance its zoning regulations, property use regulations, building ordinances, electrical ordinances, and plumbing ordinances, to the area one mile beyond and adjacent to its corporate boundaries with the same force and effect, as if such outlying area were within the

corporate limits of such city; Provided, no such ordinance shall be extended or applied so as to prohibit, prevent, or interfere with the conduct of normal farming, livestock operations, existing businesses, or industry." § 16-901, R. R. S. 1943.

The foregoing provisions constitute the general zoning authority granted to cities and counties.

On April 2, 1957, the Industrial Areas Act became effective. These statutes are now codified as sections 19-2501 to 19-2508, R. R. S. 1943. This act provided that the owners of any contiguous tract of real estate containing 20 acres or more, "no part of which is within the boundaries of any incorporated city or village," may file with the county clerk of the county in which the real estate is situated an application requesting the county board to designate such contiguous tract "as an industrial area." § 19-2501, R. R. S. 1943. The statutes require the giving of notice by publication and a public hearing before the county board. "After such hearing, if the county board shall find from the evidence produced that (1) such tract is suitable for use as an industrial area, (2) it will be generally beneficial to the community, and (3) the owners of all the land embraced therein have consented to such designation, such board shall designate such tract as an industrial area * * *." § 19-2503, R. R. S. 1943.

"Upon designation of such tract as an industrial area by the county board, such designated area shall thereupon be reserved for use for industrial purposes only." If the tract has an assessed valuation of more than $100,000, it is not subject to annexation by any first or second class city or village. § 19-2504, R. S. Supp., 1963.

"During the period any area is designated as an industrial area as provided by sections 19-2501 to 19-2508, the county board shall have exclusive jurisdiction for zoning and otherwise regulating the use of the industrial area in such a way as to confer upon the owners

and users thereof the benefits of a designated tract to be held and reserved for industrial purposes only; Provided, such authority shall not be granted to the county board if the zoning of such designated area is within the jurisdiction of any city or village." § 19-2505, R. R. S. 1943.

During the time any tract is designated as an industrial tract, the owners "shall provide at their expense for water, electricity, sewer, and fire and police protection." § 19-2507, R. R. S. 1943.

Other sections of the act deal with additions to an industrial area and with discontinuance or termination.

It is essentially the city's position that the Industrial Areas Act is a law "to regulate and restrict the location and use of land for trade or industry and as such constitute laws limited to 'zoning.' " The essence of the city's position is that if the county board had no jurisdiction or authority under general zoning statutes to "zone" areas 1 mile beyond and adjacent to the city's boundaries, then it also had no authority to "designate an industrial area" under the Industrial Areas Act. To a large degree, the position is premised on the rule that there cannot be at the same time within the same territory two distinct municipal corporations exercising the same powers, jurisdiction, and privileges. This rule applies in a territory in which two municipal corporations of like kind and powers attempt to function coincidentally. However, this inhibition is limited to a situation where the jurisdiction, powers, and privileges conferred on the conflicting governmental agencies are substantially coextensive in scope and objective, and no objection exists to the power of the Legislature to authorize the formation of two municipal corporations in the same territory at the same time for different purposes. The same territory may be occupied by a city and a county. In cases of conflict between jurisdiction of a city and a county, in some instances it has been held that the one serving the superior right of the people must prevail over the

one serving a subordinate purpose; and in various situations, counties have been authorized to exercise control over property within a village or city. See, 2 McQuillan (3d. Ed.), Municipal Corporations, § 7.08, pp. 270 to 273; Incorporated Village of Lloyd Harbor v. Town of Huntington, 4 N. Y. 2d 182, 149 N. E. 2d 851.

It is quite evident here that the Legislature knew that both cities and counties had general jurisdiction and authority for zoning. In adopting the Industrial Areas Act, it enacted provisions which were specific, dealing with the designaton of "industrial areas," and had the right within constitutional limits to specify the jurisdiction.

In construing a statute, the court must look to the objective to be accomplished, the evils and mischiefs sought to be remedied, or the purpose to be served, and place on it a reasonable construction which will best effect its purposes, rather than one which will defeat it. Rebman v. School Dist., 178 Neb. 313, 133 N. W. 2d 384.

The Industrial Areas Act is clear as to the real estate which may be designated as industrial areas; which governmental subdivision has authority to designate; the procedure to be followed; the findings required; the effect of designation upon the right of a city to later annex; and the obligation of owners as to utilities and police and fire protection. Section 19-2501, R. R. S. 1943, requires only that it be "any contiguous tract of real estate containing twenty acres or more, no part of which is within the boundaries of any incorporated city or village, * * *." If the Legislature had wished to provide that the land to be designated an "industrial area" must be outside the general zoning jurisdiction of any city or village as well as outside the corporate boundaries, it could have said so. The intention of the Legislature that the provisions with respect to designation of an industrial area and its effect should be primary to and imposed upon any general zoning provisions is apparent

from the language of section 19-2505, R. R. S. 1943. Where the county board has exclusive jurisdiction for zoning and otherwise regulating the use of the industrial area upon designation, it was specifically required to be exercised "in such a way as to confer upon the owners and users thereof the benefits of a designated tract to be held and reserved for industrial purposes only." In determining the legislative intent, all statutes relating to the same subject should be construed and considered together. State ex rel. Menard v. Nichols, 167 Neb. 144, 91 N. W. 2d 308. It is quite apparent that as to general zoning jurisdiction as between a city and a county, the problem was considered by the Legislature, both before and after the passage of the Industrial Areas Act as well as in the act itself. A thorough consideration of the sometimes overlapping and sometimes conflicting provisions of the statutes dealing with general zoning jurisdiction and authority of cities and counties persuades us that the Legislature specifically contemplated that industrial areas to be designated by the county board could be located within the general zoning jurisdiction of cities. An examination of the legislative history and background also persuades us that the designations of industrial areas and the effect on matters other than zoning was the primary consideration of the legislation.

The court takes judicial notice of the contents of the legislative journals. Omaha National Bank v. Jensen, 157 Neb. 22, 58 N. W. 2d 582. The Legislative Journal of 1957 is illuminating. The following amendment was offered to change section 3 of L.B. 70 (the Industrial Areas Act, now section 19-2503, R. R. S. 1943), by adding a proviso after the last word, the proviso reading as follows: "Provided, if such tract is located in whole or in part in the area over which any city or village exercises zoning jurisdiction outside of its corporate limits, no such designation of such tract shall be made unless first approved by the majority vote of the city council

or village trustees." The proviso amendment was adopted on March 6, 1957. More significant, however, on March 15, 1957, the entire proviso amendment was stricken by the Legislature. The bill then proceeded without further significant changes and was enacted unanimously on March 28, 1957, and signed by the Governor on April 2, 1957. If the bill had been passed with the proviso amendment, it would have been expressly clear that the county board had authority to designate an area as an industrial area within the zoning jurisdiction, but outside the corporate boundaries of a city, but approval by the city would have been first required. The city argues that the rejection of the proviso meant that the Legislature had determined that the county had no authority to proceed under the act as to land within the general zoning jurisdiction of the city in the absence of the proviso amendment. We believe it establishes not only that the Legislature contemplated that industrial areas could be created within the zoning jurisdiction of cities and villages, but also that the county board had authority and sole jurisdiction to designate them.

Courts will assume that the Legislature acted with full knowledge of the facts on which the legislation is based, particularly as to statutes passed at the same session. Omaha National Bank v. Jensen, *supra*. Even where the statutes involve the same general field, where they are enacted at the same session of the Legislature, the last of the two enacted supersedes the former. Johnson Fruit Co. v. Story, 171 Neb. 310, 106 N. W. 2d 182.

All statutes in pari materia must be considered together and construed as if they were one law, and, if possible, effect given to each provision. State ex rel. Menard v. Nichols, *supra*. In the case at bar, the county board of Hall County, Nebraska, had the power and authority to designate industrial areas within 1 mile beyond and adjacent to the corporate boundaries of the City of Grand Island. The findings required to be made by the county board before designating these areas as "indus-

trial areas" are fully supported by the evidence. Which governmental subdivision had jurisdiction for general zoning regulation was to be determined as of the respective dates each of the areas was designated as an industrial area. The city's general zoning jurisdiction then attached upon designation by the county board, subject to the reservation for use of the area for industrial purposes provided by the Industrial Areas Act.

It is significant to note that a large part of the city's argument, and many of its objections, are directed at the legislative policy involved in what is referred to as "strangulation of the city or village," the prohibition against subsequent annexation of "industrial areas," and the consequent inability of the city to tax the area. It is quite apparent that these considerations are the root core of the conflict here. If the city's position were accepted, the conflict would only be postponed as well as intensified. Whether this legislation was wise or not is a question for the Legislature and not for this court to decide.

For the reasons stated, the judgment of the district court is reversed and the cause remanded with directions to enter judgment in accordance with this opinion.

REVERSED AND REMANDED.