Merle W. BURNSIDE, Appellant,

v.

STATE OF NEBRASKA, Maurice H. Sigler, Warden of the Nebraska State Penal Complex, Lincoln, Nebraska and John B. Greenholtz, Deputy Warden, Nebraska Penal Complex, Appellees.

No. 18643.

United States Court of Appeals
Eighth Circuit.

June 16, 1967.

Wallace A. Richardson, of Mason, Knudsen, Berkheimer & Endacott, Lincoln, Neb., for appellant.

Richard H. Williams, Asst. Atty. Gen., State of Nebraska, Lincoln, Neb., for appellees; Clarence A. H. Meyer, Atty. Gen., State of Nebraska, Lincoln, Neb., on the brief.

Before VOGEL, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The appellant was sentenced to the Nebraska State Penitentiary for fifteen years under the Nebraska Habitual Criminal Act in November of 1960. On May 13, 1965, the appellant filed a motion to vacate his sentence in District Court, Hall County, Nebraska. An attorney was appointed to assist the appellant and, on January 7, 1966, his conviction and sentence under the Habitual Criminal Act was declared null and void. He was resentenced, however, by the District Court to fifteen years for robbery, the term to run from November 3, 1960.

The appellant filed a timely notice of appeal to the Nebraska Supreme Court and requested appointment of counsel. When counsel was not provided, the appellant filed an appeal *pro se*. The case was docketed on February 10, 1966,

with the appellant's brief due April 10, 1966.

On March 21, 1966, the appellant asked a fellow inmate of the Nebraska State Prison to check two motions he had prepared to submit to the Nebraska Supreme Court, one in the nature of a brief and the other a motion in lieu of a brief.

Prison officials discovered the two documents in the inmate's possession, seized them, and ordered both the inmate and the appellant to appear before the Deputy Warden. A hearing was subsequently held before the Deputy Warden for violation of the rules and regulations of the penal complex pertaining to the preparation of legal documents, specifically Rule One which read:

"1. No inmate is permitted to assist another inmate in the preparation of legal documents."

The appellant was found by the Deputy Warden to have violated this regulation. As punishment, the appellant was placed on a ninety-day restriction and had thirty days of earned good time declared forfeited. The signed documents were retained by the prison officials.

The appellant then requested an extension of time for the filing of his brief to the Nebraska Supreme Court. It granted the appellant the right to proceed on hand-printed briefs and extended the filing date to June 10, 1966.

On April 4, 1966, pending the state court appeal, the appellant filed a petition for a writ of habeas corpus in the United States District Court for the District of Nebraska contending that he should be released from the punishment imposed on him for seeking aid from another prisoner in the preparation of a legal document. He contended the regulation violated his constitutional rights under the Fourteenth Amendment to the United States Constitution. U.S.Const. amend.

XIV, § 1. The hearing on the application for the writ was held before the Honorable Robert Van Pelt.

During the hearing, the Warden, who was called as a witness, took action to change the rule relating to the preparation of legal documents, amending it to read as follows:

"1. No inmate is permitted to assist another inmate in the preparation of legal documents unless with the specific written permission of the Warden."

The appellant's brief was returned to him, with a sufficient number of copies to file with the Nebraska Supreme Court, and the ninety-day restriction imposed on the appellant expired.

Judge Van Pelt concluded that the rule prohibiting one inmate from helping another in the preparation of legal documents could not stand [1] but that the revised rule was not on its face unreasonable. He went on to state that the issues relating to the filing of briefs and the ninety-day restriction had been mooted, and that the only issue remaining was whether the thirty days good time, which was ordered cancelled, should be restored. He held that it should not, saying:

"The only problem remaining in this case is whether or not the thirty days of good time which was ordered canceled or in effect taken from petitioner should be restored. Because the rule as it existed at the time of the hearing herein was arbitrary and unreasonable, it is urged by counsel that the good time should be reinstated. While the court has some doubts on the matter, it concludes otherwise and believes that petitioner should have made a request of the Deputy Warden or Warden before violating the prison rules. Had a request for assistance been made and denied, the court might then have felt constrained to set aside the forfeiture of good time. The fact is that prison

1. Judge Van Pelt declared:
    "This court has no hesitancy in saying that the rule as to the preparation of legal documents which previously existed, and which forbade any inmate to assist another inmate in the prepara- tion of legal documents could not stand. The reasons therefor are well outlined by Chief Judge William E. Miller of the District of Tennessee in the case of Johnson v. Avery, 252 F.Supp. 783 (1966)."

rules are made to be observed and prisoners cannot take the rules in their own hands. This court will at all times protect their constitutional rights and might see fit in the future to grant relief against arbitrary or unwarranted action."

The appellant appeals from this decision contending that the punishment (loss of thirty days good time) was imposed by virtue of a regulation, found to be invalid by Judge Van Pelt, and cannot be allowed to stand.

The record is silent as to the time that the appellant has left to serve under the fifteen-year sentence for robbery imposed upon him by the District Court of Nebraska on January 7, 1966. It appears, however, that even if the thirty days good time were restored by this Court, and the appellant were granted all of his good time allowances, he would not be eligible for release at this time.[2] Under such circumstances, we are without authority, in this proceeding, to restore the good time requested. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Wells v. People of State of California, 352 F.2d 439 (9th Cir. 1965), cert. denied, 384 U.S. 1009, 86 S.Ct. 1968, 16 L.Ed.2d 1021 (1966); United States ex rel. Smith v. Martin, 239 F.2d 530 (2d Cir. 1956); Schultz v. Biddle, 19 F.2d 478 (8th Cir. 1927); Connella v. Haskell, 158 F. 285 (8th Cir. 1907). See Sturm v. McGrath, 177 F.2d 472 (10th Cir. 1949); Benjamin v. Hunter, 176 F.2d 269 (10th Cir. 1949); cf. Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966).

In McNally v. Hill, supra, 293 U.S. at 137, 55 S.Ct. at 27, the Supreme Court said:

"* * * There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law. Diligent search of the English authorities and the digests before 1789 has failed to disclose any case where the writ was sought or used, either before or after conviction, as a means of securing the judicial decision of any question which, even if determined in the prisoner's favor, could not have resulted in his immediate release."

It may also be noted that Nebraska law provides that a prisoner may regain time lost by continuous good conduct during the remaining period of his sentence. § 29–2633, R.R.S.1943.[3]

---

2. Nebraska statutes provide that a prisoner may obtain a "good time" reduction in his sentence by: (1) A statutory good time schedule under which an inmate's term is automatically reduced by law, unless by his own breach of prison discipline, he forfeits this statutory credit. § 29–2632, R.R.S.1943. The diminution schedule is as follows: Two months on the first year, two months on the second year, three months on the third year, four months on the fourth year, and a like diminution of time for each succeeding year of time of his sentence and pro rata for any part of a year where the sentence is for more or less than one year. The diminution is credited on the sentence at the time the inmate is admitted to prison, but is subject to forfeiture as provided in §§ 29–2628 and 29–2633, R.R.S.1943. (2) A reward for good conduct under §§ 83–440 and 83–450, R.R.S.1943. Here, automatic credits are not allowed, but the reward may be earned by being employed on public work outside the institution or volunteering for medical or scientific experiments. An inmate may not earn more than two months extra credit for each year he has served. State ex rel. Menard v. Nichols, 167 Neb. 144, 91 N.W.2d 308, 311 (1958). Assuming that the appellant received all of the good time credits under both provisions, he would not be eligible for release until 1969.

3. Section 29–2633, R.R.S.1943, provides:
"Whenever a charge of misconduct shall be sustained by the warden against a prisoner, he shall not lose the deduction of time specified in section 29–2632, but only that portion of good time earned to the date of the commission of the infraction, or as much as the warden deems proper. The prisoner may regain, by continuous good conduct thereafter, the restoration of time lost, or as much less thereof as the warden may deem proper, as a suitable reward for subsequent good conduct."

As we base our decision on the grounds stated above, we do not reach the question of whether the appellant may be entitled to have the "thirty days good time" restored at some future date, nor do we foreclose his right to request its restoration at the appropriate time and in the proper forum. See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Darcy v. Teets, 221 F.2d 799 (9th Cir. 1955); Johnson v. Avery, 252 F.Supp. 783 (D.C.Tenn.1966).

Affirmed.[4]

4. It is noted that the petitioner herein was before this Court in a previous habeas corpus appeal. See Burnside v. State of Nebraska, 346 F.2d 88 (8th Cir. 1965).