DICK SCHAFFER ET AL., DOING BUSINESS AS ACTION AD OF
IOWA-NEBRASKA, APPELLANTS, v. CITY OF OMAHA,
NEBRASKA, ET AL., APPELLEES.

248 N. W. 2d 764

Filed January 5, 1977.   No. 40683.

Ginsburg, Rosenberg, Ginsburg & Krivosha and Rodney P. Cathcart, for appellants.

Herbert M. Fitle and Allen L. Morrow, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action for injunctive relief from the effect or enforcement of present ordinances of the city of Omaha regarding advertising signs and their use in various zoning areas as related to the type of signs offered by plaintiffs. The ordinances were adopted before the development of the type of signs belonging to plaintiffs and do not encompass regulations ·specifically pertaining to the construction and use of plaintiffs' signs. In essence, plaintiffs' complaint is the refusal of the city authorities to adopt an ordinance permitting their use. Judgment in the District Court was for the defendant city. We affirm that judgment.

Plaintiffs' signs are constructed on a base supported by two wheels rendering them of a mobile nature. When in use they are raised slightly off the wheels and supported by four steel legs. The tongue is removed. The signs have a row of flashing lights across the top portion of the display area and letters may be affixed below the lights. They weigh approximately 1,100 pounds, are 10 feet long, 6½ feet wide, and 8 feet 10 3/4 inches high with a ground clearance of 3 feet 1 inch. The panel measures approximately 50 square feet.

As to the ordinances, plaintiffs assert the signs come within the classification of an electric sign and a ground sign. They are too large to fall in the portable classification. Under the city's zoning ordinances, the signs are prohibited in all residential areas because they are too large, are lighted, and have insufficient ground clearance. In suburban areas their use is severely limited by set-back requirements and the nature of the lot uses permitted. In commercial areas the signs may not be used because of insufficient ground clearance, size, and light restrictions. In all industrial zones, except one, the use of these signs is severely limited by

lot-use restrictions, a restriction on the use of flashing lights, set-back requirements, etc. The signs may be used in areas zoned for parking lot purposes.

In use the signs are frequently hooked up to an electrical outlet with electric cords of 25, 50, or 100-foot lengths stretched along the ground across grassy areas, driveways, etc. The outlet is sometimes located inside buildings and the cord run through doors or windows. The evidence indicates that the means used to connect with electric energy is generally in conflict with the city and national electric codes and that the signs do not meet wind-pressure requirements under the city ordinances. It is asserted that the ground cords are dangerous as they may fray or be a tripping hazard. The city concedes, however, that these dangers could be avoided if the cords were properly strung overhead. It appears that the signs and plaintiffs' business are proper and legitimate if the signs are properly erected, hooked up, and used in conformity with the ordinances.

Plaintiffs assert that the ordinances are unconstitutional because they unduly restrict a legitimate business. We fail to observe any unlawful classifications or restrictions insofar as the ordinances go. The question is whether or not the city can arbitrarily refuse to act by ordinance to sanction this new type business in proper zoning areas where other large commercial signs are permitted.

Cities of the metropolitan class are authorized by statute to make and enforce police regulations required for the good government, general welfare, health, safety, and security of the city and its citizens, including zoning regulations. See §§14-102 (25) and 14-403, R. R. S. 1943. Generally speaking, any valid or constitutional exercise of the police power must reasonably embody one of the purposes mentioned in the statute. See 16 Am. Jur. 2d, Constitutional Law, § 283, p. 550. The regulations of which plaintiffs complain relate to set-backs, ground clearance, lights, size, electrical connections, wind re-

sistance, and lot-use restrictions in various zoning areas. The regulations appear to be justifiable from the standpoint of preventing traffic hazards, restrictions of view, interference with residential comfort, fire hazards, and the safety of the citizenry. The zoning restrictions appear to be reasonable in the light of the public welfare, health, safety, and security and it does not appear that any property owner has complained that the use of his property has been unreasonably restricted.

The adoption of ordinances under the police power is a legislative act and the courts cannot interfere with such matters by attempting to mandate their adoption or amendment. The plaintiffs were necessarily aware of the Omaha ordinances before they attempted to set up their sign business in violation of them. They may continue the business if they revise their signs and erect them in compliance with the ordinance requirements. "Municipal corporations are prima facie the judges of the necessity and reasonableness of ordinances, and a legal presumption obtains in their favor unless the contrary appears on the face of the ordinance or is established by clear and unequivocal evidence." Webber v. City of Scottsbluff, 141 Neb. 363, 3 N. W. 2d 635.

"A legal presumption exists in favor of validity, and unless the contrary appears upon the face of an ordinance the burden is upon the party attacking it as invalid to show by clear and unequivocal evidence that the regulation imposed is so arbitrary, unreasonable, or confiscatory as to amount to depriving such party of property without due process of law." City of Scottsbluff v. Winters Creek Canal Co., 155 Neb. 723, 53 N. W. 2d 543.

The ordinances in contention are not unreasonable on their face and plaintiffs have failed to prove that they are, in fact, unreasonable or discriminatory. They do not have the effect of confiscating plaintiffs' property or business. The ordinances were in effect when the plaintiffs attempted to set up their business in dero-

gation of the ordinances and the business, therefore, is operating unlawfully. The ordinances do provide for and permit portable, electrical, and ground signs subject to restrictions which have not been shown to be unreasonable. Plaintiffs are in the same position as any other individual who wishes to design and install signs which fail to comply with the ordinances as to size, type, lighting, location, etc. They have failed to sustain their burden of proof or overcome the presumption in favor of constitutionality.

Plaintiffs except to the appearance of a lawyer as amicus curiae by leave of court. An amicus curiae may be heard only by leave of court and the right to be so heard is entirely within the discretion of the court. See 4 Am. Jur. 2d, Amicus Curiae, § 2, p. 109.

The judgment of the District Court is affirmed.

AFFIRMED.