REQUESTED BY: Dear Senator:
You have asked that we review LB 172. LB 172 establishes building height restrictions within specified areas of the City of Lincoln adjacent to the State Capitol Building. These defined areas are denominated the Capitol Environs District. The restrictions set forth in LB 172 apply to all real estate owned by private, quasi-public or local governmental units. The City of Lincoln is directed to `insure through its inspection and permit process that the maximum height restrictions prescribed by this section for the Nebraska Capitol Environs District are enforced.' Section 3(6) provides that the City of Lincoln may impose lower height restrictions than required by LB 172. Section 4 authorizes the state, city and county to participate in landscaping, special lighting, decorative walkway, fountain, and other beautification projects within the Capitol Environs District. Section 5 authorizes those three governmental units to enter into joint financing of such activities. You specifically raise the question of whether the state may enact such legislation in view of the general zoning authority granted to the City of Lincoln.
The power to zone arises by virtue of the sovereignty of the state. In Nebraska it has been determined that municipalities and counties may enact zoning legislation only as authorized by statute or the Constitution.Peterson v. Vasak, 162 Neb. 498, 76 N.W.2D 420. Such regulations may only be exercised as provided for by the statutes conferring the zoning power. Some states have held that where a zoning statute supersedes an existing local zoning ordinance or regulation, the statute is paramount and controls. Texas Co. v. City of Tampa, 100 F.2d 347, andAttorney General v. Inhabitants of the Town of Dover,327 Mass. 601, 100 N.E.2d 1. Thus, as a general proposition the state, through the Legislature, has the ultimate authority in determining the manner and method of exercising the power to zone.
LB 172, however, does not specify the manner in which the city is to zone; rather, it creates zoning areas and restrictions relating to one aspect of zoning within defined areas. However, we find no constitutional prohibition on such action. A similar question arose in City of Grand Islandv. Ehlers, 180 Neb. 331, 142 N.W.2d 770. Legislation was enacted authorizing the creation of industrial area zones outside the boundaries of incorporated cities. Cities were authorized to extend their zoning regulations to the area one mile beyond their boundaries by other enactments. Our Supreme Court said:
 ". . . To a large degree, the position is premised on the rule that there cannot be at the same time within the same territory two distinct municipal corporations exercising the same powers, jurisdiction, and privileges. This rule applies in a territory in which two municipal corporations of like kind and powers attempt to function coincidentally. However, this inhibition is limited to a situation where the jurisdiction, powers, and privileges conferred on the conflicting governmental agencies are substantially co-extensive in scope and objective, and no objection exists to the power of the Legislature to authorize the formation of two municipal corporations in the same territory at the same time for different purposes. . . ." 180 Neb. at 336.
Thus, it is our opinion that the Legislature may create such zones as proposed by LB 172.
We have not overlooked the provisions of Article III, section 18, of the Constitution. It may be argued that LB 172 constitutes local or special legislation restricted to a particular area within the City of Lincoln. While some merit may be attached to such argument, it may also be argued that a unique situation exists with respect to the State Capitol and its immediately surrounding area. Therefore, a general law is not required.