STUART F. HANSEN ET AL., APPELLANTS, V. CITY OF NORFOLK, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

267 N. W. 2d 537

Filed July 12, 1978. No. 41552.

Brogan & Stafford, for appellants.

Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

The plaintiffs brought this action seeking to have a zoning ordinance of the City of Norfolk, Nebraska, declared void and to enjoin enforcement of the ordinance. The District Court found that the plaintiffs failed to prove facts sufficient to establish the invalidity of the ordinance and dismissed plaintiffs' action.

This proceeding challenges the rezoning by the City of Norfolk, Nebraska, a city of the first class, of a 97.9-acre tract which included a 2.63-acre tract owned by the plaintiffs. The area involved is located less than 1 mile outside the city limits of Norfolk, but within the city's zoning jurisdiction. The entire 97.9-acre area is located in the northwest quarter of Section 15, Township 24 North, Range 1 West of the 6th P.M., Madison County, Nebraska.

In 1959 the area involved here was designated M-2, heavy industrial, by ordinance of the City of Norfolk. On September 17, 1963, the area was designated an industrial area by the county board of Madison County, Nebraska, pursuant to the provisions of sections 19-2501 et seq., R. R. S. 1943. The

2.63 acres now owned by the plaintiffs is known as the Nash Finch property. The brick building on the property varies from one to three stories in height. It was originally used as a sugar beet factory, later as a canning factory, and had been used by the Nash Finch Company as a wholesale grocery warehouse prior to acquisition by the plaintiffs.

On June 18, 1975, plaintiffs entered into a contract with Nash Finch Company to purchase the property. Within a few weeks thereafter plaintiffs were advised by city officials that the property was to be rezoned. The plaintiffs' deed to the property was recorded on August 19, 1975. Plaintiffs were in possession of the building and property from and after August 11, 1975.

The city planning commission, on its own motion proposed a change in zoning from M-2, heavy industrial, to M-1, light industrial, and gave the required statutory notice of the hearing date on the proposed change. Plaintiffs received written notice of the planning commission hearing and plaintiff, Stuart F. Hansen, attended the hearing on August 11, 1975, with his attorney, and objected to the proposed change. On August 26, 1975, the planning commission recommended the proposed change in zoning to the Norfolk city council.

The city council duly published notice of the public hearing on the proposed zoning change for September 15, 1975, and again for a continued hearing on October 6, 1975, and also posted a sign. An objection to the rezoning was filed with the city council by plaintiff, Stuart F. Hansen, and he or his attorney attended both council hearings. On October 6, 1975, the zoning ordinance involved here was duly enacted by the city council of the City of Norfolk.

It was stipulated at the pretrial conference that the amended zoning ordinance was "passed, approved, and published according to law insofar as the formalities of the same are concerned." The

plaintiffs filed this action on November 3, 1975. The case was tried to the court on March 28, 1977, and the court viewed the area with counsel. On May 27, 1977, the District Court found that the plaintiffs had failed to prove facts to establish the invalidity of the ordinance and dismissed plaintiffs' action.

Plaintiffs contend that the creation of an industrial district by Madison County in 1963 removed the jurisdiction of the city to zone the area, and made the city's zoning jurisdiction subordinate to the right of the county. An examination of the cases and the statutes refutes the contention.

Section 19-2505, R. R. S. 1943, provides in relevant part: "During the period any area is designated as an industrial area as provided by sections 19-2501 to 19-2508, the county board * * * shall have exclusive jurisdiction for zoning and otherwise regulating the use of the industrial area * * *; Provided, such authority shall not be granted to the county board if the zoning of such designated area is within the jurisdiction of any city or village."

The interrelated jurisdiction of cities and counties with respect to industrial areas located outside city limits was reviewed by this court in City of Grand Island v. Ehlers, 180 Neb. 331, 142 N. W. 2d 770. In that case this court said: "In the case at bar, the county board of Hall County, Nebraska, had the power and authority to designate industrial areas within 1 mile beyond and adjacent to the corporate boundaries of the City of Grand Island. * * * Which governmental subdivision had jurisdiction for general zoning regulation was to be determined as of the respective dates each of the areas was designated as an industrial area. The city's general zoning jurisdiction then attached upon designation by the county board, subject to the reservation for use of the area for industrial purposes provided by the Industrial Areas Act."

In the case now before us the city assumed gen-

eral zoning jurisdiction in 1959 when it designated the area as M-2, heavy industrial, and the city continued to have general zoning jurisdiction over the area after its designation as an industrial area by the county. The only limitation to that general zoning jurisdiction is that the area must be "reserved for industrial purposes only." The decision of the City of Norfolk to change the zoning of the area from M-2 to M-1 properly reserves the area for industrial purposes only and in no way encroaches upon the authority of the county.

Plaintiffs next contend that the planning commission had no authority to initiate the proposed change on its own motion because the printed instructions for completing an application for rezoning state that an application must be signed by a property owner or its agent. Sections 19-901 et seq., R. R. S. 1943, establish that so long as the statutory procedures prescribed by law are followed the planning commission has power to recommend to the city council the adoption or amendment of zoning regulations on its own motion. The statutory procedures were fully complied with here and plaintiffs' contention is wholly unfounded.

Plaintiffs also contend that the hearing notices and the posted notice were defective and the proceedings were therefore invalid. The plaintiffs at no time have contended that they did not have actual notice of the proceedings. One of the plaintiffs or their counsel attended each of the public hearings, and plaintiffs objected to the proposed action before the planning commission and the city council. There was no prejudice to the plaintiffs resulting from any possible deficiency in the notices. Participation in the hearing waives any defect in the notice. Alexander v. School Dist. No. 17, 197 Neb. 251, 248 N. W. 2d 335. In addition, the plaintiffs stipulated that the ordinance was "passed, approved, and published ac-

cording to law insofar as the formalities of the same are concerned."

The plaintiffs contend also that an inadvertent error in the metes and bounds legal description of the area affected by the ordinance makes the ordinance void. In the notices of hearings, the ordinance, and the documents, the first paragraph of the description of the 97.9-acre tract involved is: "A tract of land in the Northwest Quarter (NW¼) of Section Fifteen (15), Township Twenty-Four (24), North, Range One (1), West of the Sixth Principal Meridian in Madison County, Nebraska, more particularly described as follows: * * *." Then begins a metes and bounds description which commences at the northwest corner of Section 15 and proceeds to the northeast corner and then south on a series of courses and distances "to a point on the south line of said Northwest Quarter (NW¼) of said Section Fifteen (15), said point being 500 feet west of the center of said Section Fifteen (15); thence west along the south line of Section Fifteen (15) a distance of 1540 feet more or less to the westerly right-of-way line of the Chicago and Northwestern Railway; thence Northwesterly along said westerly right-of-way line * * *" to the place of beginning.

It is apparent that after reaching the established point at the southeast corner, the description should have read: "west along the south line" *of the northwest quarter* "of Section Fifteen (15) a distance of 1540 feet more or less * * *." Either the addition of the words italicized or the omission of the reference to the south line of Section 15 would produce an accurate description. The directions and distances included in the metes and bounds description involved here can have no other south boundary line than the south line of the northwest quarter of Section 15. The plat and the map which accompanied the planning commission proceedings clearly show the south line of the area to be rezoned

to be the south line of the northwest quarter of Section 15. No reasonable person could be misled by the description, and the evidence is clear that neither Stuart F. Hansen nor anyone else was misled or confused by it. In fact, the inadvertent error in the legal description was not even discovered by the plaintiffs until the day before trial.

Where there have been minor errors in zoning maps or legal descriptions but the ordinances were reasonably capable of comprehension, other courts have found no difficulty in validating the ordinances or zoning amendments involved. In Miner v. City of Yonkers, 19 Misc. 2d 321, 189 N. Y. Supp. 2d 762, the court dealt with a metes and bounds description in which there were erroneous references to "the northerly side of Bacon Place," but the metes and bounds description properly described the zoning area. The court stated: "Where, as here, the description, taken as a whole, is sufficiently clear to indicate the intended bounds of the subject parcel, with the courses and distances set out correctly therein, and there is clear indication of the legislative intent that such courses and distances control, conflicting statements therein erroneously fixing particular points or bounds at specified property or street lines will be rejected as inadvertent error. Under such circumstances the courses and distances will prevail * * * and, the description being sufficiently definite to indicate the legislative intent, the zoning amendment is valid." See, also, Walker v. Board of County Commissioners, 208 Md. 72, 116 A. 2d 393.

Plaintiffs contend that the zoning amendment here was spot or spite zoning aimed at the plaintiffs alone. There is nothing in the evidence to support that contention. The fact that plaintiffs' property is only 2.63 acres of a total 97.9 acres involved in the rezoning is persuasive evidence that the contention is unfounded. The evidence also establishes that

after a local flood control project had been completed the nature of the area changed dramatically. Almost all the businesses presently located within the area affected by the ordinance fit in the category of light industrial. There can be no dispute about the fact that a zoning ordinance may be amended from time to time as new and changing conditions warrant revision. See Wolf v. City of Omaha, 177 Neb. 545, 129 N. W. 2d 501.

Municipal corporations are prima facie the judges of the necessity and reasonableness of ordinances, and a legal presumption obtains in their favor unless the contrary appears on the face of the ordinance or is established by clear and unequivocal evidence. A legal presumption exists in favor of validity and unless the contrary appears upon the face of an ordinance, the burden is upon the party attacking it as invalid to show by clear and unequivocal evidence that the regulation imposed is so arbitrary, unreasonable, or confiscatory as to amount to depriving such party of property without due process of law. Schaffer v. City of Omaha, 197 Neb. 328, 248 N. W. 2d 764.

Plaintiffs' contention that the zoning ordinance here prevents plaintiffs from continuing any nonconforming use which they might have established before the adoption of the ordinance is wholly erroneous. Both the ordinances of the City of Norfolk and the statutes of this state provide that whenever the use of a building or premises becomes nonconforming through an amendment to a zoning ordinance, such use may be continued. They also provide that in the event a nonconforming use of any building or premises is discontinued or its normal operation stopped for a specified period of time, the use of the same shall thereafter conform to the zoning regulations of the district in which it is located. See, § 19-904.01, R. R. S. 1943; Ordinance No. 1214, City of Norfolk, Nebraska.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.