GARY R. ALDRIDGE, APPELLANT, V. SCHOOL DISTRICT OF NORTH
PLATTE, LINCOLN COUNTY, NEBRASKA, ET AL., APPELLEES.
407 N.W.2d 495

Filed June 12, 1987.    No. 85-744.

Baskins & Rowlands, for appellant.

Frank E. Piccolo of Murphy, Pederson, Piccolo & Pederson, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Gary R. Aldridge appeals from an order of the district court for Lincoln County, Nebraska, granting summary judgment in favor of the appellees, the school district of North Platte and six members of its board of education. Aldridge is a registered voter, taxpayer, and resident of the school district of North Platte, Nebraska, and, as a citizen, has standing under Neb. Rev. Stat. § 84-1414(3) (Cum. Supp. 1986) to require the board to comply with the Nebraska public meetings law. He assigns as error that the district court incorrectly found there were no issues of fact and no evidence tending to support the causes of action alleged in the petition. We affirm.

The petition in this case attacked decisions made by the board in regard to the employment status of the superintendent of schools. On August 31, 1984, the superintendent was found guilty of third degree sexual assault. The board called a meeting on September 5, 1984, a week before the next scheduled meeting. The meeting was largely attended, and when the matter concerning the superintendent's conviction arose, board

member Linda L. Gale requested that there be no discussion on the subject. Dallas F. Darland, a board member, announced that he had been tendered a resignation by the superintendent and read aloud the letter, which stated that the superintendent would resign voluntarily in December. Darland moved to accept the offer to resign; the motion was seconded and passed. Board member Myra Satterfield then made a motion to suspend the superintendent from his duties with pay until his resignation was effective. The motion also was seconded and passed. There was no discussion of these motions except for the reading of the letter and the making of the motions.

Aldridge's petition alleges two causes of action: first, that a quorum of the board met with the attorney for the school district and discussed and made policy in violation of the public, meetings law; and second, that the motion by Satterfield to suspend the superintendent with pay passed without public discussion based on the prior nonpublic briefing and meeting alleged in the first count.

In his deposition Aldridge stated he based his allegations that the public meetings law was violated on two facts: that a major motion passed without discussion and that a witness saw a quorum (four of six) of the board members at the school board attorney's office earlier in the day of the September 5 meeting. The witness, Kathy Seacrest, testified on deposition that she saw four board members in the "entryway" of the attorney's office and that two of them were leaving as she left. She heard no discussion or comments made by the members.

A reading of the depositions of the board members exposes no discrepancies in their stories. The four members met with the attorney to discuss the legal ramifications of various options to remove the superintendent from office. Each feared a long legal battle and was informed that the superintendent had due process and contractual rights in his employment. Each was aware that certain of the benefits would vest in December and that the superintendent knew this. They specifically denied that a quorum ever met to decide policy and testified that they left the office having made no decision in the matter.

Donald E. McFarland, board member, met with the attorney at approximately 1:30 p.m., and shortly thereafter Satterfield

joined the meeting. Darland and board member Delmar E. Bailar arrived for a meeting with the attorney and waited in the reception area until McFarland and Satterfield left the attorney's office. The four exchanged greetings; Seacrest came in, dropped off some letters, and left as McFarland and Satterfield left the building. After Darland and Bailar met with the attorney, they went to talk to the superintendent on their own volition and received the letter offering his resignation in December. McFarland, Gale, Satterfield, and board member James K. States were unaware of the tendered resignation until the letter was read at the meeting.

At oral argument counsel for Aldridge argued that Gale's statement limiting discussion on the issue was a violation of the public meetings law. The petition shows two causes of action: that an illegal meeting of a quorum of the board took place prior to the public meeting and that, without public discussion, the board passed a motion based on the previous illegal deliberations. The petition does not maintain that public discussion may not be limited or prohibited by the board at its meetings. See Neb. Rev. Stat. § 84-1412(2) (Cum. Supp. 1984). Since the issue of the propriety of the rule limiting discussion by board members was not raised by the pleadings, we will not address it here. *Ford v. County of Perkins*, 190 Neb. 304, 207 N.W.2d 694 (1973).

Appellant's counsel conceded at argument that the attorney for the board could advise members two at a time without violating the public meetings law. However, he still argues that the lack of discussion at the meeting implies that the real decision was made illegally prior to the meeting.

The appellant based his case on Seacrest's statements that she saw four board members in the attorney's office. She corroborated their statements that two were leaving as two were waiting. Obviously, no meeting of the board members in which a quorum was present occurred.

A motion for summary judgment may be granted where there exists no genuine issue of material fact, the ultimate inferences to be drawn from those facts are clear, and the movant is entitled to judgment as a matter of law. *De Los Santos v. The Great Western Sugar Co.*, 217 Neb. 282, 348

N.W.2d 842 (1984). The appellees' testimony establishes that no improper meeting occurred. The appellant then had the burden to introduce evidence in opposition to the motion for summary judgment that would tend to prove that a meeting did occur. *Bailey v. City of North Platte*, 218 Neb. 810, 359 N.W.2d 766 (1984). He could not produce such evidence. Since no issue of fact existed, the motion for summary judgment was properly granted in favor of the appellees.

AFFIRMED.