GLENN A. CHRISTENSEN, JR., ET AL., APPELLEES, V. CITY OF
TEKAMAH, APPELLANT.

432 N.W.2d 798

Filed December 9, 1988.   No. 88-425.

Ralph M. Anderson, Jr., of Anderson & Anderson, for appellant.

Gregory P. Drew for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This action was commenced to obtain a declaratory judgment that ordinance No. 852 of the City of Tekamah, Nebraska, which created sanitary sewer extension district No. 86-1, was void because it failed to state the outer boundaries of the district. The plaintiffs alleged the description contained in the ordinance was so defective that it "does not identify nor

furnish the means of identifying the property to be included in the district." The plaintiffs also sought to enjoin the city from collecting special assessments levied under the ordinance and from taking any action requiring the plaintiffs to connect with the sewer.

The plaintiffs are landowners whose property has been specially assessed for benefits. The defendant is the city.

The primary issue is whether the description of the property included in the district is so defective that the ordinance is void. The trial court found that the ordinance was void, sustained the plaintiffs' motion for summary judgment, and granted the injunction requested by the plaintiffs.

Neb. Rev. Stat. § 19-2402 (Reissue 1987) requires that the ordinance "state the outer boundaries of the district." The description contained in the ordinance is as follows:

> LIMITS OF DISTRICT: Commencing at the Northeast Corner of Outlot 3 in Section 30, Township 21 North, Range 11 East, Burt County, Nebraska, said point being the Southwest Corner of the intersection of 13th Street (Highway 75) and "E" Street in the City of Tekamah; thence west on the north line of said Outlot 3 to the east right-of-way line of the Chicago Northwestern Railroad (abandoned); thence southerly along said right-of-way line to the south line of Lot 6 in said Section 30, said point being 1,325 feet +/- north of the south line of said Section 30; thence east along said south line Lot 6 extended toa [sic] point 259.45 feet +/- east of the center line of 13th Street (Highway 75; thence north parallel with 13th Street to a point 359.45 feet +/- east of the Northeast Corner of said Outlot 3; thence west 359.45 feet +/- to the place of beginning.

The problem is with the eastern boundary of the district and the fixing of the northeast corner of the district.

From the southeast corner of the district, the description states, "thence north parallel with 13th Street to a point 359.45 feet +/- east of the Northeast Corner of said Outlot 3; thence west 359.45 feet +/- to the place of beginning." Thirteenth Street is 80 feet wide at the south end of the district. Near the north end of the district, 13th Street is 100 feet wide. If the east

boundary line of the district is to be "parallel with 13th Street," the northeast corner of the district is only 319.45 feet, not 359.45 feet, east of the place of beginning. This was clearly established by the testimony of James Peschel, the project manager for the engineering firm which was hired by the city, whose deposition was received in evidence. But if the northeast corner of the district is 359.45 feet east of the place of beginning, then the east boundary is not "parallel with 13th Street." This discrepancy makes it impossible to determine how much property is included along the eastern boundary of the district.

In *Hansen v. City of Norfolk*, 201 Neb. 352, 267 N.W.2d 537 (1978), this court noted, with regard to the description of property:

"Where . . . the description, taken as a whole, is sufficiently clear to indicate the intended bounds of the subject parcel, with the courses and distances set out correctly therein, and there is clear indication of the legislative intent that such courses and distances control, conflicting statements therein erroneously fixing particular points or bounds at specified property or street lines will be rejected as inadvertent error. Under such circumstances the courses and distances will prevail . . . and, the description being sufficiently definite to indicate the legislative intent, the zoning amendment is valid."

*Id.* at 358, 267 N.W.2d at 541, quoting *Miner v. City of Yonkers*, 19 Misc. 2d 321, 189 N.Y.2d 762 (1959). In *Hansen*, the court adopted a "reasonable person" standard. "No reasonable person could be misled by the description, and the evidence is clear that neither [the plaintiff] nor anyone else was misled or confused by it." *Hansen, supra* at 358, 267 N.W.2d at 540.

The decision in the *Hansen* case does not control this case. In this case, either a course or a distance is in error. Since it is impossible to determine how much property is included within the district, the finding of the district court that the ordinance is void was proper. Summary judgment was a proper remedy since no material fact was in dispute.

A motion for summary judgment can properly be granted

where there exists no genuine issue of material fact, the ultimate inferences to be drawn from those facts are clear, and the movant is entitled to judgment as a matter of law. *Aldridge v. School Dist. of North Platte*, 225 Neb. 580, 407 N.W.2d 495 (1987).

The city contends that declaratory relief should not have been granted because not all taxpayers affected by the assessment were joined as plaintiffs and, therefore, parties in interest were not made parties, as required by Neb. Rev. Stat. § 25-21,159 (Reissue 1985) of the Uniform Declaratory Judgments Act. The city argues the cause should be dismissed for lack of jurisdiction, and relies on *Niklaus v. Abel Construction Co.*, 164 Neb. 842, 83 N.W.2d 904 (1957), for the proposition that "all taxpayers which may be affected by a taxpayer's suit are potential parties plaintiff." Brief for appellant at 15. The actual language from the case is: "In a taxpayer's action potentially all of the taxpayers and citizens are parties." *Niklaus* at 850, 83 N.W.2d at 910. The principle of law is correct, but the fact that all taxpayers may be potential parties does not mean that they are *indispensable* parties. There is no requirement that all taxpayers who might be affected in some manner by the result of the litigation be made parties to the action.

The city also contends that the plaintiffs waived their right to contest the assessment by failing to file an appeal within 10 days of the levy, as required by Neb. Rev. Stat. §§ 19-2422 and 19-2423 (Reissue 1987). Section 19-2422 requires that persons feeling aggrieved by the levy appeal to the district court, challenging the amount or validity of the assessment. The notice of appeal must be filed within 10 days of the levy of the special assessment, and a petition must be filed in the district court within 30 days of the levy. Neb Rev. Stat. §§ 19-2423 and 19-2425 (Reissue 1987). In this case, the plaintiffs attack the formation of the district, not the amount of the assessments that have been levied against their property. A special assessment is subject to collateral attack for a fundamental defect. *Nebco, Inc. v. Speedlin*, 198 Neb. 34, 251 N.W.2d 710 (1977).

The judgment is affirmed.

AFFIRMED.